QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sam S. Stake (Cal. Bar No. 257916)
samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600

QUINN EMANUEL URQUHART & SULLIVAN, LLP
David LeRay (*pro hac vice*)
davidleray@quinnemanuel.com
Scott Hartman (*pro hac vice*)
scotthartman@quinnemanuel.com
Steig D. Olson (*pro hac vice*)
steigolson@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone:     (212) 849-7000

*Attorneys for Plaintiff Rocket Resume, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rocket Resume, Inc., | Case No. 5:26-cv-02852-BLF |
| Plaintiff, | **PLAINTIFF ROCKET RESUME'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT NO. 37]** |
| vs. | |
| BOLD LIMITED, BOLD LLC, BOLD HOLDINGS LLC, DOUG JACKSON, JAMIE FREUNDLICH and HEATHER WILLIAMS | |
| Defendants. | The Hon. Beth Labson Freeman |

**<u>STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL DOCUMENTS</u>**

Pursuant to Local Rule 79-5, Plaintiff Rocket Resume, Inc. ("Rocket Resume") submits this Statement and the accompanying Declaration of Stephen Zimmerman ("Zimmerman Declaration") in response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 37) (the "Sealing Motion").  Rocket Resume respectfully requests the Sealing Motion to be granted and the following to be maintained under seal:  the highlighted portions of pages 1, 6, 16, and 17 and Exhibits A-B of Defendants' Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof (the "Defendants' Motion to Dismiss"), as reflected in the exhibits filed concurrently herewith.  The identified materials contain material settlement terms that reveal highly sensitive, non-public financial information and going-forward obligations that, if disclosed, could be construed as an admission of liability with respect to allegations from a prior litigation.  The public disclosure of such information would undermine the public policy of protecting settlement negotiations to promote settlement and create a significant risk of competitive and reputational harm for Rocket Resume.  *See* Zimmerman Decl. ¶¶ 3-4.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).  For "documents attached to dispositive motions," parties must show that "'compelling reasons' support secrecy."  *Id.* at 1180.  "Courts in this district have recognized that the 'general policy of protecting settlement negotiations and communications in order to promote settlement' satisfies the compelling reasons standard."  *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020) (granting motions to seal "to the extent they seek to seal the proposed settlement terms and actual settlement negotiations"); *Celgard, LLC v. Targray Tech.*

ROCKET RESUME'S STATEMENT IN SUPPORT OF SEALING

*Int'l Inc.*, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019) (finding compelling reasons to support sealing of materials "that reveal[ed] the parties' confidential settlement communications" existed, although parties "did not enter into a formal confidentiality agreement with respect to their communications" because "both parties expected their settlement communications to be confidential"); *see also Milliner v. Mut. Sec., Inc.*, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) ("Numerous courts in this district have recognized the importance of protecting confidential settlement communications and materials 'in order to promote settlement' and have concluded that this general policy satisfies the more demanding 'compelling reasons' standard to seal judicial records.") (collecting cases).

Here, Rocket Resume limits its sealing request to the material terms of a settlement agreement entered into under an expectation of confidentiality. As set forth in greater detail in the Zimmerman Declaration, filed concurrently herewith, the portions Rocket Resume seeks to seal include representations that could be misconstrued as admissions of liability and sensitive, non-public financial information. Zimmerman Decl. ¶¶ 3-4. Thus, Rocket Resume requests that the Court seal the following portions of Defendants' Motion to Dismiss:

| ECF or Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Ex. 1 – Dkt. No. 37-1 | Defendants' Notice of Motion and Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof | Yellow highlighted portions at pages:<br>• 1:26;<br>• 6:6–6:9;<br>• 16:24; and<br>• 16:27–17:5. | Limited portions of this document should be sealed because they reflect material terms of a settlement agreement entered into under an expectation of confidentiality between the parties, and if disclosed, would reveal sensitive, non-public financial information and statements that could be misconstrued as admissions of liability. Disclosure would harm Rocket Resume's competitive standing. Zimmerman Decl. ¶¶ 3-4. |
| Ex. 2 – Dkt. No. 37-2 | Declaration of Evan R. Kreiner, Ex. A – Confidential | Yellow highlighted portions at pages 1 and 2. | Limited portions of this document should be sealed because they reflect material terms of a settlement agreement entered into under an expectation of |

|  |  |  | confidentiality between the parties, and if disclosed, would reveal sensitive, non-public financial information and statements that could be misconstrued as admissions of liability.  Disclosure would harm Rocket Resume's competitive standing.  Zimmerman Decl. ¶¶ 3-4. |
|  | Binding Settlement Term Sheet |  |  |
| Ex. 3 – Dkt. No. 37-3 | Declaration of Evan R. Kreiner, Ex. B – March 25, 2026 letter from Germán Corcino, Senior Counsel II, IP and Litigation, BOLD to Steve Zimmerman, CEO, Rocket Resume, Inc. | Yellow highlighted portion at page 1. | Limited portions of this document should be sealed because they reflect material terms of a settlement agreement entered into under an expectation of confidentiality between the parties, and if disclosed, could be misconstrued as admissions of liability.  Disclosure would harm Rocket Resume's competitive standing.  Zimmerman Decl. ¶¶ 3-4. |

For the foregoing reasons, Rocket Resume respectfully requests that these materials be filed under seal.

DATED: June 25, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By    */s/ Sam S. Stake*

Sam S. Stake (Cal. Bar No. 257916)
samstake@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

David LeRay (*pro hac vice*)
davidleray@quinnemanuel.com
Scott Hartman (*pro hac vice*)
scotthartman@quinnemanuel.com
Steig D. Olson (*pro hac vice*)
steigolson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000

*Attorneys for Rocket Resume*

ROCKET RESUME'S STATEMENT IN SUPPORT OF SEALING