QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sam S. Stake (Cal. Bar No. 257916)
samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600


QUINN EMANUEL URQUHART & SULLIVAN, LLP
David LeRay (*pro hac vice*)
davidleray@quinnemanuel.com
Scott Hartman (*pro hac vice*)
scotthartman@quinnemanuel.com
Steig D. Olson (*pro hac vice*)
steigolson@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000

*Attorneys for Plaintiff Rocket Resume, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rocket Resume, Inc., | Case No. 5:26-cv-02852-BLF |
| Plaintiff, | **DECLARATION OF STEPHEN ZIMMERMAN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT NO. 37]** |
| vs. | |
| BOLD LIMITED, BOLD LLC, BOLD HOLDINGS LLC, DOUG JACKSON, JAMIE FREUNDLICH and HEATHER WILLIAMS | |
| Defendants. | The Hon. Beth Labson Freeman |

**<u>DECLARATION OF STEPHEN ZIMMERMAN</u>**

I, Stephen Zimmerman, declare as follows:

1.    I am Chief Executive Officer of Rocket Resume, Inc. ("Rocket Resume").   I submit this declaration in support of sealing certain documents conditionally filed under seal by Defendants BOLD Limited, BOLD LLC, BOLD Holdings LLC, Douglas Jackson, James Freundlich, and Heather Williams Avior (collectively, "Defendants") in support of their Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof ("Motion to Dismiss"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.    Defendants' Motion to Dismiss contains terms of a confidential settlement agreement that Rocket Resume and I entered into with Bold Limited and Bold LLC related to a previous copyright infringement lawsuit.  On February 18, 2022, BOLD Limited filed a complaint against Rocket Resume, Inc. and me in the United States District Court for the Northern District of California, Case No. 5:22-cv-01045-BLF-SVK, alleging copyright infringement, breach of contract, and violations of California Business & Professions Code § 17200 and seeking over $112 billion in damages.  On May 24, 2024, the district court issued an order granting partial summary judgment in favor of Rocket Resume. The Court ordered the parties to mediation on the remaining claims.

3.    The parties entered into settlement negotiations in a confidential mediation setting.  As CEO of Rocket Resume and an individual defendant in this action, I agreed to a certain settlement value and settlement terms under the

impression that they would not be publicly disclosed as part of a confidential settlement agreement.

4.     Disclosure of the settlement value and terms would go against the parties' expectations of confidentiality during the settlement process.  It would also reveal non-public, sensitive information regarding Rocket Resume's financial condition and statements that could be construed as admissions of liability, which I believe could cause Rocket Resume reputational and competitive harm.

5.     As such, I believe there are compelling reasons to seal portions of Defendants' Motion to Dismiss which reveal these confidential and sensitive settlement terms, as reflected in the following chart:

| ECF or Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Ex. 1 – Dkt. No. 37-1 | Defendants' Notice of Motion and Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support Thereof | Yellow highlighted portions at pages:<br>• 1:26;<br>• 6:6–6:9;<br>• 16:24; and<br>• 16:27–17:5. | Limited portions of this document should be sealed because they reflect material terms of a settlement agreement entered into under an expectation of confidentiality between the parties, and if disclosed, would reveal sensitive, non-public financial information and statements that could be misconstrued as admissions of liability.  Disclosure would harm Rocket Resume's competitive standing. |
| Ex. 2 – Dkt. No. 37-2 | Declaration of Evan R. Kreiner, Ex. A – Confidential Binding Settlement Term Sheet | Yellow highlighted portions at pages 1 and 2. | Limited portions of this document should be sealed because they reflect material terms of a settlement agreement entered into under an expectation of confidentiality between the parties, and if disclosed, would reveal sensitive, non-public financial information and statements that could be misconstrued as admissions of liability.  Disclosure would harm Rocket Resume's competitive standing. |
| Ex. 3 – Dkt. No. 37-3 | Declaration of Evan R. Kreiner, Ex. B – March 25, 2026 letter from | Yellow highlighted portion at page 1. | Limited portions of this document should be sealed because they reflect material terms of a settlement agreement entered into under an expectation of |

-2-                              Case No. 5:26-cv-02852-BLF

| | Germán Corcino, Senior Counsel II, IP and Litigation, BOLD to Steve Zimmerman, CEO, Rocket Resume, Inc. | | confidentiality between the parties, and if disclosed, could be misconstrued as admissions of liability.  Disclosure would harm Rocket Resume's competitive standing. |
|---|---|---|---|

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 25, 2026, at San Francisco, California.

By    */s/ Stephen Zimmerman*

Stephen Zimmerman

DECL. OF STEPHEN ZIMMERMAN IN SUPPORT OF SEALING