United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ROCKET RESUME, INC.,

Plaintiff,

v.

BOLD LIMITED, et al.,

Defendants.

Case No. 26-cv-02852-BLF

**ORDER GRANTING MOTION TO SEAL**

[Re: ECF No. 37]

Rocket Resume sued BOLD for alleged antitrust violations. *See* ECF No. 1. BOLD moved to dismiss. *See* ECF No. 36. BOLD now moves to seal Rocket Resume's purported confidential information in BOLD's motion to dismiss and corresponding exhibits. *See* ECF No. 37.

Motions that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Else the party seeking sealing need only show "good cause." *Id.* at 1097. Motions to dismiss (and corresponding exhibits) are more than tangentially related to the merits of a case. *See, e.g.*, *Silicon Valley Clean Energy v. Origis USA LLC*, 2026 WL 2353186, at *14 (N.D. Cal. Aug. 13, 2026) (concluding the same). So the compelling reasons standard governs. Under this standard, the movant bears the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Chrysler*, 809 F.3d at 1099.

BOLD moves to seal (1) portions of its motion to dismiss; (2) Exhibit A in its entirety; and (3) portions of Exhibit B. *See* ECF No. 37 at 2. Because all three requests stem from Exhibit A—a settlement agreement between the parties from a prior dispute—the Court will begin with that.

***First***, BOLD seeks to seal Exhibit A to the motion to dismiss in its entirety. *See* Mot. at 37.

This request is GRANTED. Exhibit A is a confidential settlement agreement between the parties from a prior dispute. "[P]arties have a legitimate interest in keeping the terms of their individual settlements private." *Valadez v. CSX Intermodal Terminals, Inc.*, 2020 WL 13179429, at *3 (N.D. Cal. May 13, 2020). And "[t]he parties' inclusion of the confidentiality provision in the settlement agreement itself supports the conclusion that they intended to keep the settlement agreement confidential and out of the public record." *Milliner v. Mut. Sec., Inc.*, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021). The Court has reviewed Exhibit A and is satisfied that more surgical redactions would not be reasonable.

***Second***, BOLD seeks to seal portions of its motion to dismiss. *See* Mot. at 37. This request is GRANTED. The redacted portions are narrowly tailored. *See* Mot. at 37 (citing the four excerpts sought to be sealed). All four excerpts reference and discuss the provisions of the confidential settlement agreement. Hence, "compelling reasons" exist for sealing the four excerpts.

***Third***, BOLD seeks to seal a paragraph of the cease-and-desist letter it sent Rocket Resume. *See* Mot. at 37. This request is GRANTED. The redaction is narrowly tailored. It references and discusses a provision in the confidential settlement agreement. Thus, there are likewise "compelling reasons" for sealing the redacted paragraph.

Accordingly, the Court ORDERS that the following be sealed:

| **ECF No.** | **Description** | **Portions to Seal** |
|---|---|---|
| 137 | Motion to Dismiss | Yellow highlighted portions at 1:26, 6:6–9, 16:24, and 16:27–17:5 |
| 137, Ex. A | Settlement Term Sheet | Entire document |
| 137, Ex. B | Cease and Desist Letter | Yellow highlighted portion at page 3 |

**IT IS SO ORDERED.**

Dated: November 4, 2026

BETH LABSON FREEMAN
United States District Judge